Anthony S. Petru, Esq., Cal. State Bar No. 91399
Paula A. Rasmussen, Esq., Cal. State Bar No. 258352
Jessica L. Danielski, Of Counsel, Cal. State Bar No. 308940
HILDEBRAND, McLEOD & NELSON LLP
Westlake Building
350 Frank H. Ogawa Plaza, Fourth Floor
Oakland, CA 94612-2006
TEL:   (510) 451-6732
FAX:   (510) 465-7023

Attorneys for Plaintiff
RONELL GABRIEL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RONELL GABRIEL, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **FEDERAL EMPLOYERS' LIABILITY ACT, 45 U.S.C. §§ 51, *ET SEQ.* ("FELA")** |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | JURY TRIAL DEMAND |

Plaintiff RONELL GABRIEL ("Plaintiff" or "Mr. Gabriel") complains of Defendant UNION PACIFIC RAILROAD COMPANY ("Defendant" or "UPRR") and alleges as follows:

**JURISDICTION AND VENUE**

**1**

This court has subject matter jurisdiction regardless of the amount in controversy. 45 U.S.C. § 56.

**2**

This court is the proper venue because Defendant does business in the County of Sacramento, and the complaint may be brought in a district in which the defendant is doing business in at the time of commencing such action. 45 U.S.C. § 56.

## PARTIES

**3**

Plaintiff is a resident of the State of California, County of San Joaquin, City of Stockton. At all times herein mentioned, Plaintiff was employed by Defendant in the State of California, and the conduct complained of arose while Plaintiff was performing duties in the furtherance of, or affecting, interstate commerce.

**4**

At all times herein mentioned, Defendant was and is a railroad carrier engaged in interstate commerce. Defendant does business in the State of California, County of Sacramento.

## FIRST CAUSE OF ACTION
**Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et seq*. ("FELA")**

**5**

This complaint is brought under and by virtue of the provisions of the Federal Employers' Liability Act, 45 U.S.C. §§ 51 *et seq*. ("FELA") and regulations promulgated by the Federal Railroad Administration pursuant thereto.

**6**

On February 5, 2020, while working in the course and scope of his employment with UPRR, Plaintiff was instructed to operate an Anchor Application Machine. An Anchor Application Machine is a large piece of equipment that applies anchors to the base of a rail to prevent longitudinal movements caused by changing temperature, grades, traffic patterns, and braking action of trains. The Anchor Application Machine is operated by a person sitting in the machine cab, and it uses a large mechanical arm/setter to apply the anchors. While in the process of operating the Anchor Application Machine from the machine cab, Plaintiff's left foot slipped forward at the same time the anchor arm/setter came down, and the arm/setter crushed his left foot, breaking several bones and degloving the top of his left foot.

**7**

At the time of the incident, UPRR owed Plaintiff the duty of exercising ordinary care to provide Plaintiff with reasonably safe tools and equipment with which to work, a reasonably

safe place to work, and to institute and oversee reasonably safe procedures and methods for the performance of said work.

**8**

UPRR, through its employees, agents, and servants other than Plaintiff, carelessly and negligently failed in its aforesaid duties by, among other things: (a) failing to maintain the Anchor Application Machine in a reasonably safe condition; (b) failing to properly inspect the Anchor Application Machine; (c) failing to remove the Anchor Application Machine from service; (d) failing to warn Plaintiff of the hazardous condition of Anchor Application Machine; (e) failing to ensure that the Anchor Application Machine had proper guards; (f) failing to comply with UPRR's own internal safety rules, including Safety Rule 76.1, Safety Rule 76.2.1, Safety Rule 76.2.2 and Safety Rule 76.5.1; and (g) failing to comply with applicable laws, rules and regulations, including 49 C.F.R. § 214.507, 49 C.F.R. § 214.513, 29 C.F.R. § 1910.212. **UPRR's violation of any law, rule or regulation promulgated under the Federal Railroad Safety Act (FRSA), 49 U.S.C. §§ 20101 *et seq*., and incorporated under 45 U.S.C. § 54a, results in negligence *per se*.**

**9**

As a result of the negligence of UPRR, Plaintiff suffered physical and emotional injuries, including severe injuries to his left lower extremity and foot. As a further result of the negligence of UPRR, Plaintiff suffered and will continue to suffer impaired earning capacity, pain and worry. Plaintiff has also lost, and will continue to lose, wages and benefits and has incurred and will continue to incur medical expenses.

///
///
///
///
///
///
///

3
Complaint for Damages

**WHEREFORE,** Plaintiff prays for judgment against UPRR for general damages and special damages, for his costs of suit incurred herein, for post-judgment interest as allowed by law, and for such other relief that the court may deem proper and appropriate.

DATED: June 2, 2022                HILDEBRAND, McLEOD & NELSON LLP

By: _____
JESSICA DANIELSKI
Attorney for Plaintiff
RONELL GABRIEL

## DEMAND FOR TRIAL BY JURY

COMES NOW, Plaintiff RONELL GABRIEL, by and through his attorneys of record, hereby demands a trial by jury on all factual issues.

DATED: June 2, 2022                HILDEBRAND, McLEOD & NELSON LLP

By: _____
JESSICA DANIELSKI
Attorney for Plaintiff
RONELL GABRIEL